IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

The United States of America,
    Plaintiff,

vs.                           Case No. 11-10185-01-JTM

Alfred C. Dutton,
    Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Alfred Dutton's Motion for Return of Property (Dkt. 132). The court denies the Motion for the following reasons.

On September 14, 2011, the grand jury returned a one count indictment charging Dutton with the unlawful possession of destructive devices, specifically alleging that he possessed "one or more grenade bodies and the necessary combination of parts either designed or intended for use in converting any device into a destructive device." Dkt. 24. Trial on this matter commenced July 16, 2013, and the jury returned a guilty verdict on July 18. On August 1, 2013, the court denied Dutton's motion for judgment of acquittal. *See* Dkt. 125.

On November 13, 2013, Dutton filed the current motion, seeking the return of his property. Specifically, Dutton seeks the return of his firearms, which were seized during the search of his home. Dutton argues that the firearms were not connected in any way with the grenade bodies or the ammunition found in the grenade bodies giving rise to

1

his charge. As a felon, Dutton realizes that he is not legally allowed to possess firearms. However, he asks that the government either give the firearms to his friends or family as gifts or have someone sell the firearms and give Dutton the proceeds.

As the government points out in its response, the judgment entered by the court forfeited to the United States "all firearms and destructive devices recovered from Mr. Dutton on or about August 23, 2011." Dkt. 130. The government also argues that Dutton has not filed a notice of appeal, nor has he otherwise contested the court's forfeiture of the firearms seized from his home, therefore this court does not have jurisdiction over this motion.

Although Dutton does not cite to it, a motion for return of property is brought under Federal Rule of Civil Procedure 41(g), which states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Further, "[a] district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows 'irreparable harm and an inadequate remedy at law.' " *United States v. Soto-Diarte*, 370 Fed. App'x 886, 887 (10th Cir. 2010) (quoting *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir.2006)).

Indeed, it appears that Dutton's criminal case is complete, which may indicate that this court lacks jurisdiction to hear the motion. *See United States v. Madden*, 95 F.3d 38, 39 (1996). Regardless, Dutton has shown no irreparable harm in the government

2

seizing the guns that he, as a convicted felon, is no longer legally allowed to possess. Therefore, the court denies his motion.

IT IS THEREFORE ORDERED this 23rd day of December, 2013, that Dutton's Motion for Return of Property (Dkt. 132) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE